IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PETER DIGIONDOMENICO,** : | Civil No. 1:22-CV-439 |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | (Magistrate Judge Carlson) |
| **KILOLO KIJAKAZI,** : | |
| **Acting Commissioner of Social Security,** : | |
| : | |
| **Defendant** : | |

## MEMORANDUM OPINION

### I. Introduction

In the instant case we are called upon, once again, to consider a question which has inspired much litigation over the past several years—the status of Social Security Administrative Law Judges (ALJs) under the Appointments Clause to the United States Constitution. In this field we most assuredly do not write upon a blank slate. Quite the contrary, the question of whether these ALJs were properly appointed has been resolved conclusively in this circuit in Cirko on behalf of Cirko v. Commissioner of Social Security, 948 F.3d 148 (3d Cir. 2020), where the Third Circuit held that the appointment of these officers did not comport with Constitutional mandates. Thus, in light of Cirko the Commissioner has been obliged to re-appoint all ALJs in a manner that complies with the dictates of the Constitution.

1

We now consider a collateral consequence of this ruling; namely, whether on remand a case heard by an improperly appointed ALJ should be referred to a different ALJ for reconsideration. As discussed below, consistent with the seminal Supreme Court case in this field, <u>Lucia v. S.E.C.</u>, 138 S. Ct. 2044 (2018), we find that remand to a different ALJ is the remedy dictated by the Supreme Court. While the Commissioner argues with great vigor that a remand for reconsideration of the case by a different ALJ is not necessary given the procedural posture of this case, we conclude as other courts have found that remand to a different ALJ is the remedy called for in this case. Since that did not occur in the instant case, we will direct that this case be referred once again to the Commissioner for a new hearing before a different ALJ.

This case involved protracted administrative proceedings which commenced prior to the seminal rulings which cast doubt on the validity of the appointment of the presiding ALJ. On August 4, 2016, Peter Digiondomenico applied for benefits pursuant to Titles II and XVI of the Social Security Act. (Tr. 176). The plaintiff's case was initially assigned to an ALJ whose appointment did not conform with the requirements of the Constitution's Appointments Clause.

On May 3, 2018, this ALJ presided over an administrative hearing in Digiondomenico's case. (Tr. 118-152). Following this hearing, on October 29, 2018

the ALJ issued a decision denying Digiondomenico's application for benefits. (Tr. 173-193). Digiondomenico then appealed this decision to the Social Security Appeals Council.

While this case was pending there was a sea change in the law as it related to the appointment of Social Security ALJs. In 2018, the United States Supreme Court's decision in Lucia v. S.E.C., 138 S. Ct. 2044 (2018) found that ALJs appointed by the Securities and Exchange Commission were "Officers of the United States" within the meaning of the Constitution's Appointments Clause, U.S. Const. Art. II, § 2, cl. 2. Lucia, 138 S. Ct. at 2051. As such, these ALJs could only be appointed by the President, a court of law, or the head of the department or agency. Id.

Having made this determination regarding whether ALJs were "Officers of the United States" whose appointments must comply with Constitutional dictates, the Supreme Court observed that: "The only issue left is remedial." Id. at 2055. The Court then answered the question of what relief was required in this setting in clear and precise terms, stating:

> So what relief follows? This Court has also held that the "appropriate" remedy for an adjudication tainted with an appointments violation is a new "hearing before a properly appointed" official. . . . And we add today one thing more. That official cannot be [the ALJ who initially heard the case], even if he has by now received (or receives sometime in the future) a constitutional appointment. [That improperly appointed

3

> ALJ] has already both heard [the] case and issued an initial decision on the merits. He cannot be expected to consider the matter as though he had not adjudicated it before. To cure the constitutional error, another ALJ (or the Commission itself) must hold the new hearing to which [the plaintiff] is entitled.

Id.

Thus, Lucia casts grave constitutional doubt over the appointment process for ALJs who had not been directly appointed by the head of the agency, including the Social Security ALJ who initially heard Digiondomenico's case. Recognizing this constitutional cloud which hung over its ALJs, on July 16, 2018 the Social Security Administration implemented re-appointment procedures for its ALJs which comported with these constitutional dictates. In March of 2019, the Commissioner also provided guidance to the Social Security Appeals Council regarding the handling of cases that were before it which involved decisions made by ALJs whose appointments did not comply with the Constitution's Appointments Clause. See SSR 19-1p, 2019 WL 1324866 (Mar. 15, 2019). A key element of this agency guidance called for compliance with the remedial mandate prescribed by the Supreme Court in Lucia, and instructed that: "The Appeals Council will either

remand the case *to a different ALJ*; issue a new, independent decision; or, as appropriate, issue an order dismissing the request for a hearing." Id.[1]

With the legal status of its ALJs under the Appointments Clause in flux, but with both the Supreme Court's decision in Lucia and the agency's internal guidance in the wake of Lucia calling for the remand of cases heard by an improperly appointed ALJ to a different properly designated ALJ, on April 7, 2020 the Appeals Council remanded this case to the originally assigned ALJ, who had now been reappointed by the Acting Commissioner. (Tr. 195-96). This ALJ, who had initially presided over Digiondomenico's case at a time when he was not lawfully appointed, then conducted a second hearing on June 10, 2021. (Tr. 77-117). Following this second hearing, the ALJ issued a decision on June 23, 2021 denying Digiondomenico's application for benefits. (Tr. 7-31).

This appeal followed. On appeal, Digiondomenico raises a number of issues, including the failure of the Commissioner to follow the remedial mandate prescribed by Lucia and its progeny, a remand to another ALJ. After consideration, while we

---

[1] While the agency initially attempted to limit this relief to cases in which a claimant made a timely-raised Appointments Clause challenge, as discussed below courts have subsequently rejected the notion that a disability claimant needed to exhaust his or her administrative remedies prior to seeking relief for an Appointments Clause error.

acknowledge that this is a debatable question, we agree with the rising tide of caselaw that requires such a remand to be heard by an ALJ other than the ALJ who presided over the first hearing. Accordingly, we will remand this case for further consideration by a different ALJ.

## II. <u>Discussion</u>

As we have explained, in this appeal the plaintiff presents an Appointments Clause challenge and contends that a remand is required here. On this score, Digiondomenico argues that the ALJ who decided this case was not constitutionally appointed at the time of the first hearing in May of 2018, and that his case should have been remanded to a different ALJ, even though the ALJ had been reappointed by the time of his second hearing and decision in 2021. Digiondomenico asserts that the holdings in <u>Lucia</u> and <u>Cirko</u> require a remand to a different constitutionally appointed ALJ. After consideration, while we acknowledge that this issue is not entirely free from doubt, we agree and will remand this case for further consideration by another ALJ.

### A. <u>This Case will be Remanded for a New Hearing Before a Different Constitutionally Appointed ALJ.</u>

In our view this question must be considered in light of the explicit guidance provided by the Supreme Court regarding the appropriate scope of relief for Appointments Clause violations. In 2018, the United States Supreme Court held that

6

the ALJs appointed by the Securities and Exchange Commission ("SEC") are "Officers of the United States" and had not been properly appointed under the Appointments Clause. Lucia, 138 S. Ct. at 2053-55. The Court found that these ALJs exercised "significant discretion" in carrying out "important functions," and were required to be appointed by the President, a court of law, or a department head. Id. Because the SEC ALJs had not been properly appointed, the Court remanded the case for consideration by a different constitutionally appointed ALJ. Id. at 2055. Specifically, the Court found that the case would not be remanded for consideration by the ALJ who initially heard that case, "even if he has by now received (or receives sometime in the future) a constitutional appointment," because the Judge "ha[d] already both heard Lucia's case and issued an initial decision on the merits. He cannot be expected to consider the matter as though he had not adjudicated it before." Id.

Following Lucia, and in response to an executive order suggesting that "at least some—and perhaps all—ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause," Exec. Order No. 13843, 83 FR 32755 (July 10, 2018), the Acting Commissioner of Social Security reappointed the Agency's ALJs. See SSR 19-1p, 2019 WL 1324866 (Mar. 15, 2019). The Commissioner also endorsed the remedial mandate prescribed by the Supreme Court

7

in Lucia, and instructed that: "The Appeals Council will either remand the case *to a different ALJ*; issue a new, independent decision; or, as appropriate, issue an order dismissing the request for a hearing." Id.

While the Commissioner may have endeavored to limit this relief only to claimants who fully exhausted this issue during administrative hearings, that effort was unavailing. In early 2020, the Court of Appeals for the Third Circuit held that Social Security claimants need not exhaust such challenges under the Appointments Clause in their administrative proceedings. Cirko, 948 F.3d at 159. The Court reasoned that requiring exhaustion of this issue would compromise the ability of claimants to protect their rights:

> First, an exhaustion requirement for Appointments Clause claims would impose an unprecedented burden on SSA claimants who are subject, not to an adversarial process, but to an inquisitorial process. While exhaustion may be broadly required in an agency where "it is usually 'appropriate under [the agency's] practice' for 'contestants in an adversary proceeding' before it to develop fully all issues there," Sims, 530 U.S. at 109, 120 S.Ct. 2080 (alteration in original) (quoting United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 36–37, 73 S.Ct. 67, 97 L.Ed. 54 (1952)), the SSA's inquisitorial system does not fit that description. In the SSA, "[t]he [agency], not the claimant, has primary responsibility for identifying and developing the issues," Sims, 530 U.S. at 112, 120 S.Ct. 2080, such that the ALJ takes "an active investigatory role" and "shoulders a statutory obligation to obtain evidence," "to order medical testing," and "to request witnesses," Jon C. Dubin, Torquemada Meets Kafka: The Misapplication of the Issue Exhaustion Doctrine to Inquisitorial Administrative Proceedings, 97 Colum. L. Rev. 1289, 1303 (1997).

> …..
>
> The need to protect those individual rights is especially acute, however, where, as here, claimants' "physical condition and dependency on the disability benefits" are at issue. Mathews v. Eldridge, 424 U.S. 319, 331, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Disability benefits are usually claimants' primary source of income—highlighting the need for both the appearance and reality of fair adjudicators appointed impartially under the Appointments Clause and making the "nature of [a disability] claim" an "important factor[ ]" in determining whether to take federal jurisdiction over a procedurally flawed administrative appeal, id. at 331 n.11, 96 S.Ct. 893. Indeed, we have said that in such cases "the claimant's interest in having the constitutional issue resolved promptly is so great that further deference to agency procedures is inappropriate." Mattern v. Mathews, 582 F.2d 248, 253 (3d Cir. 1978).

Cirko, 948 F.3d at 156-57. Accordingly, the Court affirmed the district court's decision to remand the cases to the Social Security Administration "for new hearings before constitutionally appointed ALJs other than those who presided over Appellees' first hearings." Id., at 159-60. Cirko's key holding, in turn, was subsequently affirmed by the Supreme Court in Carr v. Saul, 209 L. Ed. 2d 376, 141 S. Ct. 1352, 1361 (2021).

Since Lucia and Cirko were decided, a number of courts, including this court, have considered whether a remand to a new ALJ is required when an improperly appointed ALJ presides over portions of the on-going administrative proceedings but is later properly appointed as an ALJ. While we concede that different courts have reached differing conclusions on this question, we believe that the better view

9

and the position which pays the greatest fidelity to the Supreme Court's guidance in Lucia is the position we took in Evanitus v. Kijakazi, No. 1:20-CV-1187, 2021 WL 5494282, at *4 (M.D. Pa. Nov. 23, 2021). In Evanitus we held that the reappointment of an improperly appointed ALJ in the course of ongoing administrative proceedings did not alter the teachings of the Supreme Court and Court of Appeals in Lucia and Cirko that upon a remand where the first hearing was held before an ALJ who was improperly and unconstitutionally appointed, a hearing must be held by a different ALJ.

At the time of our decision in Evanitus we noted that we were not alone in this view that a remand before a different ALJ was constitutionally required. For example, in Denicola v. Comm'r of Soc. Sec., 2021 WL 735853 (M.D. Pa. Feb. 25, 2021) (Mehalchick, M.J.), the court remanded the case for a hearing in front of a new ALJ, reasoning that "the remedy afforded in Lucia—rehearing before a new ALJ—suggests that if an improperly appointed ALJ presides over an SSA claimant's hearing, an Appointments Clause violation has occurred, *regardless of whether the ALJ is properly appointed before issuing a final decision*." Id., at *5 (emphasis added). See also Brown v. Saul, 2020 WL 6566221, at *4 (W.D. Pa. Nov. 9, 2020) (remanding for rehearing before a new ALJ and holding that after-the-fact ratification of ALJs is "not consistent with what the Administration said it would do

in SSR 19-1p" and "inconsistent with the holding in Lucia"); Morris v. Comm'r of Soc. Sec., 2020 WL 3104931, at *1-2 (W.D. Pa. June 11, 2020) (remanding for rehearing before a new ALJ because the ALJ who decided the case "was not constitutionally appointed for the entirety of the relevant time period"); Bullard v. Saul, 2020 WL 2615651, at *1 (E.D. Pa. May 22, 2020) ("[E]ven though Bullard's third administrative hearing took place after the ALJ was constitutionally appointed, her consideration of Bullard's claim . . . was improper").

Subsequently courts have continued to divide on this issue. Michael D. v. Kijakazi, No. 2:20-CV-12309, 2022 WL 3703206, at *6 (D.N.J. Aug. 26, 2022) (collecting cases). However, we still believe that the better view, and the position that is more congruent with the Supreme Court's guidance, is the conclusion that remand to another ALJ is required. Id. As the courts which have followed this course have noted, in this setting allowing the case to continue to proceed before the same ALJ simply "does not cure the Appointments Clause defect." Melissa L.R. v. Kijakazi, No. 1:21-CV-00318(BKS), 2022 WL 3153937, at *3 (N.D.N.Y. Aug. 8, 2022). Moreover, these courts have concluded, as we do, that "the Commissioner's position conflicts with this Court's interpretation of Lucia, as well as with the majority of courts that have addressed this issue and similarly concluded that an ALJ's proper appointment after the fact does not remedy his or her earlier improper

11

adjudication." Sallie M. v. Comm'r of Soc. Sec., No. 3:21-CV-5857-DWC, 2022 WL 3210637, at *5 (W.D. Wash. Aug. 9, 2022). Indeed, it has been held that in this setting allowing the improperly appointed ALJ to continue to preside over the case simply "continued — rather than cured — the constitutional violation." James R. v. Comm'r of Soc. Sec., No. C20-5632-SKV, 2021 WL 4520560, at *7 (W.D. Wash. Oct. 4, 2021).

Judged against these legal benchmarks, and consistent with this recent caselaw, we conclude that this case should be remanded for a new hearing in front of a different constitutionally appointed ALJ. We reach this view consistent with our own prior holding in Evanitus as well as the caselaw in this Circuit and elsewhere, which observes that:

> Nothing in the text of Lucia suggests that its holding is inapplicable to cases involving ALJs who are properly appointed midway through an action to which they are assigned to preside. In fact, the remedy afforded in Lucia – rehearing before a new ALJ – suggests that if an improperly appointed ALJ presides over an SSA claimant's hearing, an Appointments Clause violation has occurred, regardless of whether the ALJ is properly appointed before issuing a final written decision.

Denicola, 2021 WL 735853, at *5. Indeed, the Supreme Court in Lucia specifically ordered the case remanded to a different ALJ than the ALJ who originally heard the plaintiff's case, regardless of whether the ALJ "ha[d] by now received (or receives sometime in the future) a constitutional appointment." Lucia, 138 S. Ct. at 2055.

12

Additionally, the Third Circuit in Cirko remanded the claimants' appeals to "constitutionally appointed ALJs *other than those who presided over Appellees' first hearings*." Cirko, 948 F.3d at 159-60 (emphasis added).

Further, as we have noted, this holding is consistent with a rising tide of caselaw, which acknowledges that Lucia and its progeny require that a remand be heard before a different ALJ than the ALJ who initially heard the case. Michael D., 2022 WL 3703206, at *6 (collecting cases). However, nothing in this Memorandum Opinion should be deemed as expressing a judgment on what the ultimate outcome of any reassessment of this evidence should be. Rather, the task should remain the duty and province of the newly appointed ALJ on remand.

## III. Conclusion

Accordingly, for the foregoing reasons, IT IS ORDERED that this case be REMANDED for further consideration of the Plaintiff's application by a different constitutionally appointed ALJ.

An appropriate order follows.

*s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: February 15, 2023